*Hampton & Hager, L. F. Moore, for appellees.*

---

## HICKORY REDFORD *v.* TOLLS, HOLTON & CO.

**Mortgage to Prefer Creditor.**

> One who is insolvent may not legally prefer one creditor by a mortgage, to the detriment of other creditors; and if he attempts to do so, such mortgage will be declared of no effect.

**APPEAL FROM BOURBON CIRCUIT COURT.**

**January 11, 1877.**

OPINION BY JUDGE PRYOR:

The weight of the testimony conduces to show that Harry Redford, at the time he executed the mortgage, was in an embarrassed condition, and not then able to pay his debts. His brother, the appellant, had been loaning him money and permitting him to use the proceeds of the latter's whiskey, amounting to several thousand dollars, without even exacting any security, under the belief, no doubt, that he was perfectly solvent. When this mortgage was executed to secure the appellant it was not at the latter's instance, but the brother, Harry, under the impression no doubt that he was in doubtful circumstances, voluntarily proposed to execute it, and did execute it, by which he attempted to secure the appellant in his entire indebtedness to him, amounting to several thousand dollars. In less than three months after this mortgage was executed, and without anything intervening affecting his pecuniary condition, he made a general assignment of his effects for the benefit of creditors, and when the trust is in a condition to settle, the trust fund will not pay exceeding fifty cents to the dollar. He had a conversation with his brother-in-law a short time prior to the execution of the mortgage, in which he said he was in a bad condition and liable to become insolvent at any time.

His belief induced him to execute the mortgage, and there could have been no other reason prompting such action on his part. He was examined as a witness in the case and does not pretend to controvert the statements made to his brother-in-law in regard to his pecuniary condition. His land would not have sold for an amount exceeding $7,000. His own estimate made up in part of the original cost of the improvements would exceed this sum, but we are satisfied this was its full value, and he then owed not less than $12,000.

This is unlike the case of *Thompson v. Heffner's Ex'rs,* reported in 11 Bush 353. Moore, the debtor, had ample means with which to pay his individual liabilities, and had the right to expect that his liability as surety for his son would be discharged by the latter. His son had the means of paying his debts, and up to that time, by the execution of the mortgage, had done so. Having, therefore, ample means to pay his own debts it was adjudged that the mortgage was not executed for the reason that Moore was insolvent, or contemplated becoming insolvent. In this case the debts are all the individual liabilities of Harry Redford. His partnership transactions he must be presumed to have been familiar with, and for the purposes of this case they must be considered as if no one else were liable

with him. The proof, we think, shows that Harry Redford was insolvent at the time he made the mortgage, and if not, he contemplated being in that condition in a short time, and for that reason voluntarily secured his brother. He no doubt thought, as many debtors do, that something might happen by which his creditors could be satisfied, and was placing an estimate upon his property by reason of his anxiety to pay them, convinced, to his mind at least, that such could be the case; but at the same time he anticipated becoming insolvent unless some sudden change took place in his pecuniary condition, and that these fears would be realized within two months after the mortgage was made. Counsel for appellant, by an arithmetical calculation, attempted to demonstrate that Harry Redford was not insolvent. This is based upon a rough estimate of his land and blooded stock, and is refuted by the facts in the case: 1. The voluntary execution of the mortgage to his brother; 2. His assignment and insolvency within two months after without having incurred any debt during the interval; 3. His estate pays only fifty cents to the dollar. Judgment *affirmed.*

*Cunningham & Turney,* for appellant.

*G. C. Lockhart,* for appellee.